IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY EUGENE BURNS,

      Plaintiff,

      v.                                            CASE NO.  20-3114-SAC

CORRECTIONS CORPORATION OF
AMERICA, Medical Staff and Booking Staff,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Although Plaintiff is currently incarcerated at USP Florence, his claims relate to his detention at the Leavenworth Detention Center ("CoreCivic" or "CCA") in Leavenworth, Kansas.  On May 20, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until June 19, 2020, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is before the Court on Plaintiff's Response (Doc. 7).

Plaintiff alleges that while he was detained at CCA between March 6 and March 19, the booking staff placed him on a top bunk despite medical staff's knowledge that he was epileptic and prone to seizures.  Between early to mid-April of 2019, Plaintiff suffered an epileptic seizure and fell from the top bunk causing head and back injuries.  Plaintiff was sent to the Kansas State Hospital for medical treatment.  Plaintiff sues CCA for negligence, reckless endangerment, and pain and suffering.  Plaintiff names CCA Medical Staff and Booking Staff as defendants and seeks $2,050,000 in damages.

In the MOSC, the Court found that "[t]o state a claim under § 1983, a plaintiff must

1

allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *Id*. at 49 (citations omitted). The Court found that any claim under § 1983 was subject to dismissal because Plaintiff alleges no facts to support an inference that the Defendants were acting under state law or in conspiracy with any state official.   Plaintiff also makes no allegation that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State.  Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law.  Plaintiff has failed to show good cause why his claims under § 1983 should not be dismissed.

The Court also noted in the MOSC that the United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied."  *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)).

The Court found in the MOSC that Plaintiff's remedy against CCA or CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct.  *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at \*3 (D. Kan. 2016) (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *see also Menteer v. Applebee*, 2008 WL 2649504, at \*8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).

Plaintiff's response fails to address the deficiencies set forth in the MOSC.  Instead, Plaintiff states that he has been unable to file a tort claim in Kansas state court because he was taking incapacitating medication and lost his paperwork when he was transferred among BOP facilities.  Plaintiff alleges that he has requested his medical records from CCA to no avail. Plaintiff's claim that he has been denied copies of his medical records should be addressed through the BOP's grievance procedures or through the discovery process if he files a state tort action.  However, Plaintiff has failed to show good cause why his §1983 or *Bivens* claims against CCA should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 24, 2020, in Topeka, Kansas.**


s/ Sam A. Crow
Sam A. Crow
U.S. Senior District Judge